142 So. 844

**BARRANCO v. DAVIS.**

No. 31704.

May 23, 1932.

Rehearing Denied June 20, 1932.

Lemle, Moreno & Lemle, of New Orleans, for applicant.

John J. Wingrave, of New Orleans, for respondent.

LAND, J.

Defendant, B. N. Davis, is a contractor who had a contract to construct steel sheds for the board of port commissioners for the city' of New Orleans.

John Gutierrez was employed by defendant, and was injured February 24, 1931, while working within the scope of his employment, and thereafter died from the effects of the injury received.

This suit is brought by Marie Barranco (Gutierrez) to recover the sum of $20 per week for 300 weeks for the death of John Gutierrez, for the use and benefit of petitioner's three minor children, John J. Gutierrez, Anna Belle Gutierrez, and Joseph Gutierrez, alleged to be the dependent illegitimate children of petitioner and of John Gutierrez, and by him to have been acknowledged.

Defendant admits in his answer that the death of John Gutierrez was caused by injuries received by him during the course of his employment, but denies that any compensation is due, on the ground that the three children were never acknowledged by their alleged father in the mode prescribed by the Louisiana Workmen's Compensation Act (Act No. 20 of 1914, as amended).

Defendant also denies that compensation, if any is due, should be at the rate of $20 per week, alleging affirmatively that at the time of his death John Gutierrez was not earning more than $24.66 a week, and that this is the basis upon which compensation should be awarded, if any at all is due.

After answer filed, defendant admitted that Anna Belle Gutierrez had been duly acknowledged by her father, and that plaintiff was entitled to recover for the benefit of this child 32½ per cent. of the deceased's wages for a period of 300 weeks.

The trial judge rendered judgment accordingly, but found that deceased's wages were

$55 a week, and dismissed plaintiff's suit, to the extent that it was brought for the benefit of the other two children, on the ground that John J. Gutierrez and Joseph Gutierrez had not been duly acknowledged by their alleged father, John Gutierrez.

Defendant, contending that the proper wages of the deceased were $24.66 a week, appealed to the Court of Appeal for the parish of Orleans.

Plaintiff answered the appeal, and, on the theory that all three children had been duly acknowledged, prayed that judgment be rendered on the basis originally prayed for of $20 a week for 300 weeks.

The Court of Appeal reduced the weekly wage of John Gutierrez from $55 to $45 per week, but held that all three children had been duly acknowledged by their alleged father, John Gutierrez, and increased the amount of the compensation to be paid from 32½ per cent. to 65 per cent. of deceased's weekly wages.

This judgment is now before us for review under the writ of certiorari granted to defendant in the case. 138 So. 192.

█ 1. Section 8, subsec. 2(H) of Act No. 242 of 1928 defines the "child" who is entitled to recover for the death of a parent as follows: "(H) The term 'child' or 'children' shall cover only legitimate children, stepchildren, posthumous children, adopted children *and illegitimate children acknowledged under the provisions of Civil Code Article 203, 204 and 205.  *  *  * "* (Italics ours.)

The provisions of article 204 of the Civil Code relate to the acknowledgment of children where a legal impediment exists to the marriage of the father and mother, and have no application to this case.

Article 203 of the Civil Code reads as follows: "The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

In Perkins et al. v. Brownell-Drews Lumber Co., Ltd., 147 La. 337, 84 So. 894, the court held, as stated in the syllabus: "Civ. Code, art. 203, specifies *exclusive* modes of acknowledgment of the parentage of an illegitimate child, and baptism in presence of parents and declaration by them to federal census taker of their parentage is not equivalent of registering of birth or baptism to entitle parents to recover under Employers' Liability Act as heirs of the child killed in employment." See, also, Succession of Lacosst, 142 La. 674, 77 So. 497.

Neither the baptismal certificate of John J Gutierrez nor that of Joseph Gutierrez shows any acknowledgment of either of these children by the father. They do not show that he was even present at the baptism.

The two certificates introduced in evidence by plaintiff, issued by the board of health, recorder of births, marriages and deaths for the parish of Orleans, are false on their faces, since plaintiff appeared and declared in each that John J. Gutierrez, Jr., and Joseph Gutierrez were *"the lawful issue"* of plaintiff and of John J. Gutierrez, laborer. As a matter of fact the petition of plaintiff in this case, duly sworn to by her, alleges "that decedent and petitioner lived together as man and wife

and from said illicit marriage three children were born, baptised, acknowledged and registered as the children of John Gutierrez and Marie Barranco." Pet., Art. III.

John Gutierrez made no appearance in either of these certificates, and consequently made no declarations as to either John J. Gutierrez, Jr., or as to Joseph Gutierrez.

Article 205 of the Civil Code declares that: "The acknowledgment made by the father without the concurrence or consent of the mother, shall have effect only with respect to the father."

In other words, this article provides that the acknowledgment by the father shall not bind the mother. Because there is no corresponding article of the Code that an acknowledgment by the mother shall not bind the father, the Court of Appeals came to the conclusion that the acknowledgment made alone by the mother was not only binding upon the father, as it was unlimited by any qualification, but asserted in its opinion that more importance was intended to be given the mother's action than that accorded the father.

Such interpretation, in our opinion, is clearly against public policy for obvious reasons. Besides, such conclusion is neither logical nor possible if we consider other articles of the Civil Code dealing with the rights of natural children when heirs to the mother, when heirs to the father, and of parents when heirs to natural children.

Article 918 of the Civil Code provides that: "Natural Children are called to the legal succession of their natural mother, when they have been duly *acknowledged by her*. * * *"

Article 919 provides that: "Natural children are called to the inheritance of their natural father, *who has duly acknowledged them*. * * *"

And article 922 provides that: "The estate of a natural child deceased without posterity, belongs to the father *or* mother who has acknowledged him, or in equal proportions to the father *and* mother, when he has been acknowledged *by both of them*."

In our opinion, article 203 of the Civil Code should be interpreted in harmony with the other articles of the Code dealing with acknowledgments, and should be construed to mean that a child may be acknowledged by its father and mother, or either of them, but that when it is acknowledged by only one of the two, the acknowledgment binds only that parent who actually executed it, and the child only takes such rights as accrue to it by virtue of the acknowledgment by that particular parent.

■ 2. The only remaining question is as to the quantum of compensation in the case.

It seems to us that the most competent testimony as to the weekly wages earned by deceased is that of John E. Meyers, who had previously employed Gutierrez to work for him, and who was Gutierrez's fellow workman at the time he received the injuries which resulted in his death, and the testimony of Mrs. Gutierrez, the common-law wife of deceased. Meyers testified that, during the time Gutierrez worked for him, he received 75 cents an hour, or $7.50 a day, or an average of $45 a week.

Mrs. Gutierrez, who should be in a position to know something definite about the wages of deceased, testified that he earned $40 or $50 a week.

The Court of Appeal fixed the weekly wages of deceased at $45, and based that estimate on the testimony of Meyers and Mrs. Gutierrez, and we do not find any good reason to disturb its finding as to the quantum of compensation to be fixed in the case.

It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans be annulled and reversed.

It is now ordered that the judgment of the Civil District Court for said parish be amended by increasing the percentage to which the minor, Anna Belle Gutierrez, is entitled from 31½ to 32½ per cent., and by decreasing the average earnings of decedent from $55 per week to $45 per week for 300 weeks, beginning February 24, 1931, with interest at 5 per cent. on delinquent payments, and that the judgment, as amended, be affirmed at the cost of defendant.