LOTTINGER, Judge.
This is a suit for .workmen’s compensa-tion for benefits for two alleged minor grandchildren of a deceased employee. Suit was instituted by the natural tutrix of ■said minors. The lower court gave judgment for petitioner, and the defendant has appealed.
It is admitted that Ezra Johnson was accidentally killed on April 3, 1951, in the course and scope of his employment with Calcasieu Paper Company, Inc., and that his employment was a .hazardous one. For some time prior to his death, deceased employee’ lived in the same house with his wife, his youngest daughter, Mavis, and his said daughter’s two minor children, Mary Louise Wyeth and Royce Wyeth. Subsequent to the death of Ezra Johnson, compensation benefits were paid his surviving widow until her death on December 29, 1953. No be'nefits have been paid to the minor grandchildren. The mother of said children, as their natural tutrix, filed this suit for benefits for her said minor children. The lower court awarded compensation, on their behalf, in the sum of $13.09 per week from April 3, 1951, until December 29, 1953, and in the sum of $24.06 per week from December 29, 1953, until a total of 300 weeks have elapsed from April 3, 1951, or until either of. the children, Mary Louise Wyeth or Royce Wyeth, or -both of them, reach the age of 18 years, or until either or both of the said children .die, whichever comes first, and for legal interest on each past-due installment from date of judicial .demand until paid, and for all costs. The defendant has filed this appeal.
The facts show that, at the time of death, decedent was earning a weekly wage of $52.03. As stated above, it is admitted that his death resulted from the injuries sustained while working for the defendant company. At the time of his death, the petitioner and her two minor children were living in the same house with the decedent. Two weeks after her father’s death, the petitioner married a Mr. Darce and shortly thereafter she moved out of the Johnson residence to live with her husband. About six months later, petitioner took her children from her mother’s home and since that time the children have been living with Mr. and Mrs. Darce and entirely supported by them. At the time of Johnson’s death, and for many months prior thereto, the petitioner had been working as a clerk for the Finke Stores and earned approximately $24 a week.
The issues submitted to the Court for decision are:
(1) Were these minor children either totally or partially dependent upon their *661 deceased grandfather at the time .of his death under the intent and expressed .pro-i visions of the Workmen’s Compensation Act?
(2) If the said minors are held to have been either totally or partially dependent upon the deceased grandfather, what would he the weekly rate of compensation, if any, to which they would be entitled?
(.3) Does LSA-R.S. 23:1233, which provides “Compensation payments to dependents shall also terminate when the condition of dependency ceases, except in the case of a widow or child” apply under the facts of this case?
Several witnesses testified as to the total dependency of the said grandchildren on their grandfather for support. The only evidence to the contrary was to the effect that the children’s mother was gainfully employed at a salary of about $24 per week, and the fact that the mother had claimed the children 'as her dependents for the purposes of income taxes. The record shows that the deceased also claimed the children as dependents for income tax purposes. We feel that, as did the lower court, the petitioner has proved the total dependency of the said children on their grandfather. The evidence shows that they lived' in his home and received their sole support from him for several years prior to his death. Malone, in his work entitled Louisiana Workmen’s Compensation Law and Practice, Chapter 14, Section 306, at page 411, says:
“Second, in all cases (except where the .dependency of the wife and child is conclusively presumed) the claimant must prove dependency by establishing both a ■ need for support and also the fact that contributions to his support were actually made by the deceased during the latter’s lifetime. Thus, under the present law, neither need for support nor the existence of a moral or legal obligation to support is sufficient proof of dependency if there is no, showing that the deceased in fact contributed to the claimant’s support. This requirement is not restricted merely to the claims of .parents, brothers and. sisters, and ‘other dependents.’ It applies also to the widow and children where they have failed to qualify for the conclusive presumption of dependency, because they were not ‘living with’ the deceased.”
The mere fact ■ that the mother of the children, who was under a moral and legal obligation to support the children, was gainfully employed would not change the children’s status as dependents of the deceased at the time of his death. Although the mother could have helped support her offspring, the evidence shows that she spent her' earnings on herself, and only gave her children presents at Christmas time. The evidence shows that the grandfather desired to support the minors, and we feel that, under the provisions of the Workmen’s Compensation Act, they were totally dependent • upon their grandfather for support.
We feel further, as did the lower court, that the “condition of dependency” of the minors has not changed since the' death of their grandfather. LSA-R.S. 23:1233 provides as follows:
“The marriage or death of a dependent shall terminate payments to him, but shall not affect payments allowed other dependents. ' If the widower becomes capable of self-support, compensation shall cease as to him. Compensation payments to dependents shall also terminate when the condition of dependency ceases, except in the case of a widow or child. When any minor dependent who is not mentally or physically 'incapable' of wage earning, shall becopie .eighteen years of age, payment of the proportion of compensation due him shall cease.”
 .Defendant claims that1 the “condition of dependency” of said minors. has ceased because their mother has remarried and they are now living with; their *662 stepfather, and, secondly, because they are no longer living in their grandfather’s home. As to defendant’s first contention, we do not feel that the remarriage of their mother would have any effect on the condition of dependency. Certainly the stepfather is not legally bound to provide for the children. Furthermore, during the pendency of this suit, someone had to care for the children. As to the second contention of defendant, we feel that it has no merit. Both the grandfather and grandmother of the children are now dead, and it cannot be expected that the children remain in the house. It is our opinion, that the factual situation in this case is not such as to effect a change in the condition of dependency within the intention of the Compensation Law.
Probably the most disputed point brought before this Court is as to the relationship of the children to the deceased. The lower court erroneously held the minors to be regarded as children of the deceased for the purposes of the Act. On this score, the lower court said: “ * * * the legislature intended that the word ‘child’ in [LSAjR.S. 23:1232 would also include the dependent ‘grandchild.’ ” Now LSA-R.S. 23:1021(3), which gives the definitions of terms used in the Compensation Act, provides :
“(3) ‘Child’ or ‘Children’ covers only legitimate children, stepchildren, posthumous children, adopted children, and illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204, and 205.” (Italics ours.)
Certainly had the Legislature meant to include a grandchild they would have done so, otherwise they would not have included adopted children in the definition as the law of this state has long considered an adopted child as a legitimate child. By omitting the term “grandchild” from the provisions of subsection (3), it was certainly the intention of the Legislature to draw a distinction between a child and a grandchild for the purposes of the act. We, therefore, feel that the minors involved must be considered as “other dependents” in accordance with the terms-of LSA-R.S. 23 :- 1232, which provides:
“Payment to dependents shall be computed and divided among them on the following basis:
“(1) If the widow or widower alone, thirty-two and one-half per centum of wages.
“(2) If the widow or widower and one child, forty-six and one-quarter per centum of wages.
“(3) If the widow or widower and two or more children, sixty-five per-centum of wages.
“(4) If one child alone, thirty-two and one-half per centum of wages of deceased.-
“(5) If two children, forty-six and one-quarter per centum of wages.
“(6) If three or more children, sixty-five per centum of wages.
“(7) If there are neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there are both father and mother, sixty-five per centum of wages.
“(8) If there are neither widow, widower, nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per cen-tum of wages for one, and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents.” (Italics ours.)
Now it is clear that the grandchildren would be entitled to compensation solely as “other dependents” as provided in Subsection (8) quoted above. Under the said section they would be entitled to *663 thirty-two and one-half percentum plus eleven percent of decedent’s wages, as there were two dependent grandchildren. However, the defendant claims that, as the widow of deceased survived him, she being a privileged dependent would cut off any benefits which would be coming to the grandchildren. Prior to 1953, the jurisprudence interpreting priorities as among claimants of different priority was confused. However in Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177, 180, the Supreme Court held that, where there were total dependents of varying priority, they were all entitled to compensation so long as the total compensation did not exceed 65% of deceased’s wages, or the maximum of $30 per week. If, however, the amount available for. compensation benefits is not sufficient to satisfy in full the claims of all wholly dependent persons whose claims are subordinated by the Act, then the subordinate dependents must suffer.
In the Caddo case-, the Court said:
“True, as plaintiff points out, subdivisions (7) and (8). of the schedule commence with the language ‘If there are neither widow, widower, nor child’. But such language, obviously, is not used in the sense of making the awards to subordinates contingent on the nonexistence of all listed preferred dependents. The awards stipulated for the inferior, classes range as high as 65% of the wages, and the mentioned language undoubtedly is employed with the view of permitting that entire maximum to be paid where or when or in the event there is no superior beneficiary to take a part of it. An inferior class, in other words, may recover the full allotment if or when to do so would not infringe on benefits stipulated for preferred claimants.
******
“By Act No. 85 of 1926 the Legislature set up the statute substantially as it presently exists. While continuing the establishment of classes by preference, it returned to and adopted those provisions of the initial legislation to the effect that the benefits should be ‘divided’, among the .dependents. This, as before shown, indicates that the entire maximum should be paid whenever, .there are sufficient total dependents in the several classes- entitled to it. If such were not the intention of the Legislature it, at that time, could have so stated easily, simply, .and clearly.”
Upon the death of Johnson his widow became entitled to compensation benefits at the rate of 32%% of his wages, or the maximum 'of $30. As his wages, at the time of death, were $52.03 per week, his widow was entitled to $16.91 per week for a period of 300 weeks. The two dependent grandchildren were entitled to the residue up to 43%% of the weekly wages. 43%% of the -weekly wages amounts to $22.63. As same would bring the total above the $30 maximum allowed by law, the grandchildren would be entitled to the difference between $16.91 and $30, or the sum of $13.09 per week for the period between the death of Johnson until the death of his widow. For the period subsequent to the widow’s death, the grandchildren would divide, their full allotment of $22.63 per week.
As to interest allowed in the judgment, we feel that same should run from date of judicial demand. Grandchildren are not conclusively presumed to be dependents under the Act. Their dependency must be proved. Furthermore, the record shows that the petitioner did not qualify as natural tutrix of her children until a few days prior to the filing of this suit. ■
For the reasons assigned, the judgment of the lower court is amended so as to allow the grandchildren compensation benefits at the rate of $13.09 per week from April 3, 1951, until December 29, 1953, and in the sum of $22.63 per week from December 29, 1953, until a total of 300 weeks have elapsed from April 3, 1951, or until either of the children, Mary Louise Wyeth or Royce Wyeth, or both of them, reach *664 the age of 18 years, or until either or both of the said children die, whichever comes first, or until the condition of dependency of either or both of said children' shall cease, whichever shall come first, and for legal interest on each past-due payment from date of judicial demand until paid, and for all costs, and, as amended, the judgment of the lower court is affirmed.
Judgment amended and as amended affirmed.