SAVOY, Judge.
This is a suit for death and funeral benefits, plus penalties and attorney’s fees, under the provisions of the Workmen’s Compensation Act. Plaintiff is the mother of Lawrence Freeman, whose death occurred in the course of his employment with Evangeline Gas Company, Inc. Suit was brought against Evangeline Gas Company, Inc. and its insurer, New Amsterdam Casualty Company.
The defendants answered the suit, alleging that plaintiff was not a dependent of her son, and, therefore, not eligible for workmen’s compensation benefits; and, further answering, that they had never been provided with any proof of the responsibility of plaintiff to pay for the funeral expenses of her son, nor was there any evidence of the opening of the estate, and that they did not know to whom the benefits for the funeral expenses should be paid at that time.
An amending and supplemental answer was later filed averring that the first proof of funeral expenses was submitted to defendant on June 26, 1964, but that since no mention was made as to whom the funeral expenses should be paid, the defendant had issued a check dated July 7, 1964, for $600.00 payable to the order of “Community Funeral Home and Clemys Ardoin Freeman”, which was forwarded to plaintiff’s attorney on July 9, 1964. It is further alleged that the check was returned by plaintiff’s attorney with a letter indicating the check was not acceptable at this time. Thereafter, the check was filed in the suit proceeding by motion and order of court dated August 12, 1964.
It was stipulated at the trial that the accident and death of the deceased occurred on December 9, 1963, while in the course and scope of his employment, and that the plaintiff, if entitled to recover, would receive compensation at the rate of $10.00’ per week for 400 weeks. It was further stipulated that the funeral expenses incurred for the burial of Lawrence Freeman exceeded the statutory limit of $600.00' provided for in the compensation act.
The district court rendered judgment for the plaintiff at the rate of $10.00 per week, for 400 weeks, with legal interest on each past due installment, and rejected plaintiff’s demand for attorney’s fees and penalties.
From this judgment, New Amsterdam Casualty Company has prosecuted an appeal to this Court, and plaintiff has filed an answer to the appeal.
The issues before us are whether or not the plaintiff was partially actually dependent on her son for support at the time of his death in accordance with LSA-R.S. 23 :- 1231, as amended, and whether or not penalties and attorney’s fees are due as prayed for by plaintiff in her original petition and in the answer to the appeal.
The record shows that plaintiff was married to Elius Freeman on October 12, 1937,. and there were two children born of this marriage, a daughter who is now married,, and the deceased, Lawrence Freeman. After the death of Elius Freeman and for approximately the past fifteen years, plaintiff has lived with another man, Voorhies. Ledet, without marriage, and from this union four children were born. At the time of his death, Lawrence Freeman was 23 years of age, single, and was still living at the home with his mother, her children *151 with Voorhies Ledet, and Voorhies Ledet. They live in a tenant house on a farm where Ledet was a sharecropper. Lawrence had a private room in the residence and his mother and/or Voorhies Ledet provided the necessary bedding for his room. His mother took care of his laundry, and prepared all of his meals, including at times packing of lunches for him to carry to work.
Lawrence Freeman earned $1.25 per hour while working for Evangeline Gas Company, Inc., and the record shows that he earned $437.70 during the third quarter, and $193.75 during the last quarter of the year 1963. When there was no work for him with the gas company, he worked with the plaintiff’s first cousin, a mechanic, Aaron Ardoin, for $4.00 a day, plus a meal.
The plaintiff testified that when the deceased made a full week, he gave her $15.00 per week from his paycheck, that when he missed work for a period of time, he would try to catch up by paying more, and that he also purchased groceries on occasion. She testified that she used the money for herself to buy clothes, to go to church and to send her children to school. She further testified that before her son’s death, she only worked two to three days per month, but since then has had to work two to three days per week. She works for Aurelis Mayeaux for $4.00 per day. She testified she bought groceries on credit at times when Lawrence was not working and was unable to help her financially.
Voorhies Ledet supported the testimony of the plaintiff that Lawrence gave his mother $15.00 out of nearly every paycheck he received from the gas company. Ledet worked as a sharecropper and drew an advance of $45.00 per month. In 1963, he came out ahead at the end of the year only enough to buy himself clothes. The record shows that no other income was re-received by the household where plaintiff resided. They did have a garden and received commodities from the welfare. After Lawrence’s death, plaintiff was able to obtain food stamps.
Plaintiff also received other help from her son. In November of 1963 he charged a purchase of rugs for the house in his mother’s name and agreed to pay for this purchase. A clerk from the store where the purchase was made testified that Lawrence had an account for himself where he bought clothes, and gave an order to charge his mother for some things for which he would pay. He made at least one payment on this account.
The owner of a grocery store where plaintiff regularly traded testified that Lawrence would customarily cash his paycheck at her store every week or two, and when plaintiff was present he would give her money, a part of which would be used to purchase groceries. She testified that she ran a charge account for Lawrence and also one for Voorhies Ledet.
Appellant maintains that plaintiff failed to make out a case to a legal certainty as she failed to establish a condition of dependency by a preponderance of the evidence. It is urged that the facts show plaintiff was not dependent on her son, but rather her common law husband, who had assumed the responsibility for her welfare and had supported her for many years, and that there has been no material change in their circumstances brought about by the death of Lawrence. It is argued that the evidence shows Lawrence earned only approximately $25.00 per week, and the money he paid plaintiff could not have been substantial since he spent money on himself for clothes, personal entertainment, and the purchase and operation of a car. As to the amount paid, it is contended it was not for her support, as such, but was rather for his room and board, and laundry services, which would be money spent on himself and not money donated to the support of plaintiff.
Plaintiff maintains that the facts of this case support the holding of the district court that she was partially dependent *152 upon her major son at the time of his death, and that he had actually made regular contributions to her.
After carefully reviewing the evidence presented, we find that the evidence amply supports these findings of the district court.
The family lived in very modest circumstances and maintained a relatively low standard of living. Voorhies drew an advance of only $45.00 per month and obviously needed assistance in supporting plaintiff and their four minor children. Under the circumstances, the evidence is convincing that Lawrence made regular contributions to his mother and she was dependent upon and relied upon his contributions for her subsistence. Nor do we agree with appellant’s contentions that Lawrence’s death brought no material change in the financial circumstances of plaintiff. Lawrence had worked for about eight years, since about age fifteen, and his contributions were indeed felt. After his death, the plaintiff and Ledet were harder pressed in their finances, and plaintiff had to work three to four times a week rather than three to four times a month. Further, certain bills which were being paid by Lawrence have not been paid.
Although Lawrence had a separate room in the home, and his mother prepared his meals and lunches and did his laundry, the evidence shows there was no actual charge made. When Lawrence was out of work for a period of time, he was also cared for in the same manner.
It is also true that Lawrence spent money on himself for clothes and recreation, and even purchased an automobile not long before his death. There is nothing unusual in these facts.
Defendant has cited the cases of Hooper v. Southern Pulpwood Insurance Company, (La.App., 2 Cir., 1962), 140 So.2d 785, and Dunbar v. Edward Levy Metals, Inc., (La. App., 4 Cir., 1965), 170 So.2d 906.
In the Hooper case, supra, the court found that the parents who received welfare aid, and the minor niece and nephew of the deceased, who had lived in the same household with deceased employee, were not actually dependent upon the deceased worker at the time of his death. Although there is some similarity of facts with the instant case, the overall facts of the case were quite different. The court held that the household appeared to exist rather comfortably. There were no taxes, rent or utility bills to pay, with the exception of electricity. The family owned some livestock, a refrigerator and a deep freeze. The record indicated that the deceased employee was more dependent than depended upon. The court also held that his earnings were not established with certainty and concluded that the family continued' to live in the same manner after his death on an income of $248.38 per month from welfare, social security and rent, and their needs were met, as before, and seemingly any deprivation of income occasioned by the death of the employee had no economical effect.
In the case before us on appeal, the earnings of Lawrence Freeman were established with certainty, and his contributions to his mother amounted to a substantial portion of the income received for the support of plaintiff and her family.
The Dunbar case, supra, involved a claim-by a widow, who had been separated from-her deceased husband, that she was dependent upon him for support at the time of his death. In that case, the court held' that plaintiff had failed to bear the burden of proof and that it was contrary to all' human conduct of people of the deceased’s social standing and attainments to continue to support a wife who had left him over a period of from two to eight years, while at the same time maintaining and supporting two different concubines in the matrimonial domicile. The facts of that case are clearly inapplicable to those of the instant case before us on appeal.
*153 We find no manifest error in the findings of fact by the district court. Since plaintiff was partially dependent upon the deceased for her support, the judgment of the lower court awarding her $10.00 per week for 400 weeks is correct.
We will next consider the subject of penalties and attorney’s fees. The trial judge refused to allow these items because he found a bona fide dispute as to the question of dependency and since the insurer ■unconditionally tendered the funeral expenses as soon as it became reasonably certain to whom owed. Considering all the ■circumstances in the instant case, we are of the opinion that the trial judge did not commit reversible error in holding the failure to pay benefits was not arbitrary or ■capricious so as to require the imposition ■of penalties.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.