247 So.2d 567

**Edna McDERMOTT, Plaintiff-Relator,**

v.

**Warren FUNEL, d/b/a Beverage Distributing Co. et al., Defendants-Respondents.**

**No. 50723.**

May 4, 1971.

The issues of this appeal relate to (1) the right of a dependent mother to receive workmen's compensation benefits for the death of an illegitimate son, (2) the factual dependency issue, and (3) a motion to dismiss or to remand, filed in this court, based upon the plaintiff mother's marriage following the trial below.

(1)

Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Suzanne B. Antippas, Robert E. Winn, New Orleans, for plaintiff-relator.

Garrett, Ryland & Downs, Donald M. Garrett, Alexandria, Albert S. Dittman, Jr., New Orleans, for defendants-respondents.

TATE, Justice.

This is a suit for workmen's compensation benefits. A mother sues her illegitimate son's employer and insurer, alleging dependency. La.R.S. 23:1231. The trial court found her partially dependent and awarded $10 per week (the minimum allowable) for 400 weeks. The court of appeal reversed, finding dependency not proved. 235 So.2d 207 (La.App. 4th Cir. 1970). We granted certiorari. 256 La. 816, 239 So.2d 344 (1970).

The court of appeal stated that the dependent mother of an illegitimate can recover compensation benefits arising out of his death, *providing that he was acknowledged by her under the provisions of Article 203 of our Civil Code.* (Article 203 provides for the formal acknowledgment to be made by notarized and witnessed instrument, if not made in the registering of the birth or baptism of the child.)

We granted certiorari primarily to correct this misstatement of the law.

It is now settled that a member of the family household (as the present plaintiff mother is), if dependent, is entitled to recover compensation benefits when a contributing wage earner dies as a result of work-caused injuries. The dependent member of the family [1] is entitled to com-

---

1. The sole jurisprudential exception is made in the case of a dependent concubine herself, Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958), an exception still recognized, al-though the concubine's children and other relatives may receive compensation, see decisions cited in text, if dependent members of the household.

pensation regardless of blood relationship or the technicalities of inheritance law or of acknowledgment or not of illegitimate children. This is in view of the socio-economic purposes of the statute to provide compensation for dependents deprived of support through the work-caused death of a wage earner.

See: Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177 (1953); Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951); Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1944); Archibald v. Employers' Liability Assur. Corp., 202 La. 89, 11 So.2d 492; Malone, Louisiana Workmen's Compensation Law, Section 304 (1951).

■ In such instances, compensation is awarded to the claimant as an "other dependent" "member of the family". La.R.S. 23:1232(8), 23:1253. This classification of dependents receives compensation only if compensation awardable to certain preferred classifications (wife, child, dependent child) does not exhaust the maximum benefits payable by the employer. La.R.S. 23:1231; Stokes v. Aetna Casualty and Surety Co., 257 La. 424, 242 So.2d 567 (1971); Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177 (1953); Malone, Section 305.

■ Here, however, the present claimant has additionally established her right to recover compensation, if dependent, as a "mother", a preferred claimant. La.R.S. 23:1232(7). The testimony is undisputed that she raised the child as her own, acknowledging him to be her son throughout his life.

■ It is now jurisprudentially well settled that such informal acknowledgment meets the requirements of Civil Code Articles 202, 203, insofar as elevating the progeny from what the code technically denotes as an unacknowledged "bastard" to an acknowledged illegitimate child. State v. De Lavallade, 215 La. 123, 39 So.2d 845 (1949); Allen v. Anderson, 55 So.2d 596 (La.App., Orl. 1951); Keene, Irregular Successions in Louisiana, 7 Loyola L.Rev. 94, 102–105 (1954); Oppenheim, Acknowledgment and Legitimation in Louisiana, 19 Tul.L.Rev. 326 (1945).

The compensation act does not define "mother" or "parent". However, it does define "child" as including "illegitimate children acknowledged under the provisions of Civil Code Articles 203, 204, and 205." La.R.S. 23:1021(3). If a deceased employee is a "child" for purposes of the compensation act, his parent is his "mother" for such purposes. Any doubt is resolved in favor of such interpretation, in view of the remedial purposes of the statute, and the modern judicial interpretations of it, above cited, to effectuate

its protection for family members former-
ly supported by a deceased wage-earner.[2]

For these reasons, we find the court of
appeal was in error in indicating doubt as
to whether the present mother, if depend-
ent, could recover workmen's compensation
benefits for any loss of support occasioned
by the work-caused death of her son.

We note that argument to the contrary
is based on such early decisions as Bar-
ranco v. Davis, 175 La. 35, 142 So. 844
(1932); Perkins v. Brownell-Drews Lum-
ber Co., 147 La. 337, 84 So. 894 (1920), and
Ellis v. Union Compress & Warehouse Co.,
178 So. 726 (La.App. 2d Cir. 1938). The
later jurisprudence has invalidated much
basis for considering them to be ap-
plicable. To the extent not already done
so, we overrule any expressions or infer-
ences in them contrary to the views here
expressed.

(2)

The court of appeal reversed the trial
court's holding that the plaintiff mother
had sufficiently proved she was partially
dependent upon her deceased son. The in-
termediate court erred.

When the plaintiff's son died as a re-
sult of work-caused injuries, he was 23
years old and living with his mother (the
present plaintiff) and two little sisters,
aged 9 and 7. He earned $55 per week.
His mother earned $40–$42 per week as
a domestic, *when* she worked every day.

The plaintiff, two neighbors, and her
own mother testified that the dead son
contributed cash money each week to the
support of the household. She and one
neighbor testified that the amount was
$15–$20 weekly. (The other witnesses
just knew that he contributed some money
each week.)

In reversing, the court of appeal rea-
soned that from her own testimony (theo-
retically) she could not have been de-
pendent. This reasoning was based upon
comparing her estimates of living expenses
($30 rent, $12 per week paid for groceries,
average $12 per month for utilities), with
her estimated monthly earnings of $175
(assuming she worked as domestic help
every workday) and then concluding she
could not have been dependent.

The court of appeal erred to reverse for
such reason the trial court's factual find-
ing of dependency.

In the first place, the mother's unde-
tailed and general figures were obviously
inexact estimates, and her testimony did

2. This issue was not reached in Thompson
v. Vestal Lumber & Mfg. Co., 208 La.
83, 22 So.2d 842 (1945), because there
the claimant conceded the children were
unacknowledged and not entitled to com-
pensation as "children". 22 So.2d 852.

Likewise, the only claim made for the
illegitimate child in Stokes v. Aetna
Casualty & Surety Co., 257 La. 424, 242
So.2d 567 (1971) was as an *un*acknowl-
edged illegitimate, so we did not have
occasion to consider this issue.

not refer to several major types of living expenditures, such as for clothes, medicines, past-due bills, transportation, etc. Her estimate as to weekly income was based upon her working every day, but she had also testified that "most of the time I didn't work every day" and that she had been hospitalized and was under medical treatment for varicose veins and heart trouble.

■ The general testimony clearly disclosed need: a low-paid domestic, with two small children to support, subject to illness, and receiving wages only days when she worked. It was error to attempt to deduce a mathematically exact balance sheet of expenses and earnings through the use of isolated portions of her testimony, in context imprecise and incomplete.

[6] More important, this testimony of need and of contribution, was not contradicted by any evidence to the contrary. Its main outline is supported by the uncontradicted showing. See Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Freeman v. New Amsterdam

Casualty Co., 177 So.2d 149 (La.App. 3d Cir. 1965).

The trial court's factual finding of dependency, based upon this evidence found credible by it, is correct.

(3)

■ In this court, the defendants-respondents have filed a motion to dismiss or, in the alternative, to remand these proceedings. They attach a certified copy of a marriage certificate showing that the plaintiff mother married on August 26, 1969, after the trial below.

The movers rely on La.R.S. 23:1233. This enactment in part provides that "the marriage or death of a dependent shall terminate payments to him" [3]

The plaintiff's claim cannot be dismissed for such cause. Whether or not her marriage affects her right to compensation, the plaintiff mother is entitled to receive it at least from her son's death in 1966 through the alleged date of marriage August 26, 1969.

With regard to any compensation due after the mother's marriage, the quoted provision (1933) appears conclusive. Her

---

3. La.R.S. 23:1233 provides in full:
    "The marriage or death of a dependent shall terminate payments to him, but shall not affect payments allowed other dependents. If the widower becomes capable of self-support, compensation shall cease as to him. Compensation payments to dependents shall also terminate when the condition to dependency ceases, except in the case of a widow or child.
    "When any minor dependent who is not mentally or physically incapable of wage earning, shall become eighteen years of age, payment of the proportion of compensation due him shall cease."

marriage terminated her right to further compensation payments following it. A mother (or other family member) entitled to death benefits is a "dependent" within the definitions of the compensation statute, La.R.S. 23:1021(4); Section 23:1233 provides that the marriage of a dependent "shall" terminate further compensation payments.[4]

*Decree*

We therefore affirm the trial court judgment awarding compensation through August 26, 1969. We remand this case under authority of La.CCP Art. 2164, with leave to the defendants to reopen these proceedings within sixty days of finality of this decree to establish, if they can, the marriage of the plaintiff, with the end of modifying the judgment below so as to terminate compensation as of the date following such marriage. In the absence of such action, the trial court judgment is affirmed in full. The defendants are to pay all costs of these proceedings.

4. In the writer's personal view, the more probable legislative intent is that the "marriage" shall terminate compensation payments only when the dependency is based upon marriage, i. e., in the case of a widow or widower. But a dependent parent, for instance, may be awarded compensation payments even if married to another at the time of the wage earner's death, La.R.S. 23:1232(7), and so may a dependent "other member" of the family, LSA R.S. 23:1232(8), see Archibald v. Employers' Liability Assur. Corp., 202 La. 89, 11 So.2d 492 (father-in-law

Decree of Court of Appeal annulled, and trial court judgment reinstated, with leave to reopen these proceedings for limited purposes.

BARHAM, Justice (concurring).

The majority here has apparently differentiated between acknowledgeable and unacknowledgeable illegitimate dependent children in determining their rights under the Workmen's Compensation Act. In Stokes v. Aetna Casualty and Surety Co., 257 La. 424, 242 So.2d 567 (1971), this court refused to allow an adulterous illegitimate who could not be legitimated to recover as a "child". The majority here has equated the child who can be legitimated with a "child" as defined by the compensation law. As I previously noted in dissent, the determination of the right of recovery in workmen's compensation should be made in light of the legislative purpose in creating the right. Dependency rather than familial relationships is the overriding consideration.

and mother-in-law). It would seem that the circumstance of (re)marriage would not per se cease dependency (what if the present mother had married an unemployed pauper or a welfare recipient?), and that the dependency-in-fact giving rise to compensation benefits of a surviving parent would not cease, in the absence of proof that her new spouse's support supplied that of the dead child's, cf. Darce v. Calcasieu Paper Co., 85 So. 2d 659 (La.App., 1st Cir. 1956). A majority of the court does not concur with this possible interpretation, however.

I respectfully concur in the result, for the reasons assigned in my dissent in Stokes v. Aetna Casualty and Surety Co., supra, believing that such cases are controlled by Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, and Levy v. State Through Charity Hospital of Louisiana, 253 La. 73, 216 So.2d 818.