LOTTINGER, Judge.
This is a suit filed by Jerry Gibson Brown, for and on behalf of her eleven (11) minor children and by Cliff McLin, all claiming to be dependents of Roosevelt McLin. The defendants are Billy New, who is the owner of the truck in which Roosevelt was driving at the time of his death and Colonial Fast Freight Lines, Inc., the Lessee of the said truck. The Lower Court awarded judgment in favor of defendant and dismissed petitioners’ suit, and the petitioners have taken this appeal. This matter is governed by the provisions of LSA 23 :1231 which provides as follows:
“For injury causing death within two years after the accident there shall be *563 paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of five hundred weeks . . . . ”
We quote in toto from the reasons of the Lower Court:
“This is a suit for workmen’s compensation brought on behalf of Jerry Gibson Brown and as legal representative of her minor children and Cliff McLin against Billy New and Colonial Fast Freight Lines, Inc. Jerry Gibson Brown claims that Roosevelt McLin was supporting her and her minor children at the time of his death as a result of a tractor-trailer accident. At the time of his death Roosevelt was driving a tractor and trailer which was owned by Billy New and was under contract to Colonial .Fast Freight Lines, Inc. Cliff McLin is the elderly father of Roosevelt McLin and also claims that Roosevelt McLin was supporting him at the time of his death.
The defendants have raised various defenses to this lawsuit. The Court believes that this case can be decided without having to decide all of the various defenses claimed by the defendants. Once the question is decided as to which are the dependents of Roosevelt McLin at the time of death and whether or not they were dependent upon him for support at the time of his death, then depending on the answer to that issue does the Court have to proceed to decide the other issues.
After hearing all of the evidence put on by the claimants and in many instances relaxing the rules of evidence completely the Court comes to the conclusion that Roosevelt McLin was not supporting any of the claimants at the time of his death.
Cliff McLin the father of Roosevelt was a very old gentleman who was extremely vague in his testimony. His daughter testified in his behalf and the Court comes to the conclusion that Cliff had received some money from Roosevelt but that it was not on a regular basis. Cliff was almost entirely dependent upon his daughter and his present pension for his subsistence. In the latter days of Roosevelt’s life he did not contribute very much, if any to Cliff’s support.
In regards to Jerry Gibson Brown, the Court reviewed all of the evidence in this record and after listening to Jerry Gibson Brown and her daughter testify, the Court finds conclusively that Jerry Gibson Brown and her children were not dependent upon Roosevelt McLin for support. Mrs. Brown during her association with Roosevelt, was receiving aid from several sources for her and her children’s support. Her former husband contributed some support for his children. Prior to Roosevelt’s death, Mrs. Brown had applied for and received substantial benefits under the welfare programs of this State. To receive much of this support she had to show that she was not receiving support from other sources. She was living in a housing project and specifically she excluded any references to Roosevelt in applying for housing and in determining the amount of rent she was to pay. She admitted she lied about receiving support from Roosevelt so far as the welfare workers were concerned, however she still could not show where Roosevelt ever contributed to her and the children’s support on any regular basis. Any money she received from Roosevelt was so insignificant that it hardly paid for what Roosevelt was receiving in the form of room and board. The Court has no doubt that Roosevelt spent some time at Jerry Gibson Brown’s apartment and indeed, he had several children as a result, but the Court cannot find where he supported Jerry or her children on a regular basis.
The Court recognizes the principle of workmen’s compensation rests upon the sound economic principle that those per *564 sons who enjoy the product of a business should ultimately bear the costs of the injury or deaths that are incident to the manufacture, preparation and distribution of the product. The expected cost of injury or death to workers can be anticipated and provided for in advance, just like costs of goods sold and taxes are figured when the price is fixed for the goods or services when they are marketed. In this case claimant is seeking two bites from the apple and this seems to the Court not proper. In this case the claimant is now and has been long prior to Roosevelt’s death, receiving substantial benefits under the welfare program which is paid for by taxes on business and others. To allow claimant now to repudiate the representations she made to receive these benefits would be to reward her for her dishonesty.
Even giving claimant the benefit of allowing her to make some minor false misrepresentations to receive aid when she was also receiving support from Roosevelt because of her great need for the total support of her family, the Court cannot justify her claim. She has totally failed to prove that Roosevelt was even partially supporting her or her children at the time of his death.
All of the other issues raised in this matter need not be decided in view of the above. The Court accordingly dismisses the claims of Cliff McLin and Jerry Gibson Brown. Since this suit was filed in Forma Pauperis, the costs of these proceeding must be borne by the public.
The Court will sign a judgment in accordance with these reasons when one is presented to it.”
We concur wholeheartedly with the written reasons assigned by the Lower Court. The whole case hinges on the creditability of the petitioners’ witnesses and the evidence reflects that none of the petitioners were dependent on the deceased for support.
Cliff McLin, himself, testified that at the time of the death of decedent he was receiving $132.00 per month in social security and $15.00 per month from the Arkansas Welfare Department. During this time he was on medicare and whenever he required medical services such services were paid for by the government.
The testimony of the witnesses are conflicting and unworthy of belief. In Borras v. Falgoust, La.App., 285 So.2d 583, the Court said:
“By rendering judgment against Mrs. Borras, the trial judge apparently resolved the conflicting testimony about her behavior against her. The findings of a trial judge are entitled to great weight, especially in cases involving the resolution of conflicting testimony and the determination of credibility of witness.”
See also Correge v. Webb, La.App., 284 So.2d 355 and Clark v. Central Louisiana Elec. Co., Inc., La.App., 284 So.2d 621.
We have always subscribed to the principle that the findings of the trial court should not be taken lightly, particularly when the credibility of the witnesses is involved. The trial judge sits face to face with the witnesses, and their tone of voice, demeanor and actions many times reflect whether or not they are telling the truth. The appellate courts do not have this advantage in determining the credibility of the witness.
For the reasons hereinabove assigned, the decision of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Affirmed.