GUIDRY, Judge.
In this suit plaintiff, Marie Sanders Hurks, seeks recovery of workman’s compensation death benefits plus penalties and attorney’s fees from the employer of her deceased son, Lawrence Hurks. By supplemental and amending petition, Ernest Hurks, divorced husband of plaintiff and father of the deceased, joined with the original plaintiff and sought recovery of the sum of $1500.00 for burial expenses of Lawrence Hurks. Made defendants as the employers of the deceased were L. H. Bossier, Mid-State Materials, Inc. (Mid-State) and the latter’s workmen’s compensation insurer, U.S. Fire Insurance Company (U.S. Fire). Defendants filed exceptions of no right of action as well as other dilatory exceptions to the demands of both plaintiffs along with answers denying any liability for the benefits sought.
*1116 Following trial, there was judgment in favor of Marie Sanders Hurks and against Mid-State and U.S. Fire, in solido, condemning them to pay to her $25.00 per week from August 27, 1976 plus legal interest from date of judicial demand on all past due payments until paid; in favor of Ernest Hurks and against these same defendants, in solido, in the sum of $1500.00; and, in favor of all defendants rejecting plaintiffs’ claim for penalties and attorney’s fees. Defendants, Mid-State and U.S. Fire appealed. Plaintiffs neither appealed nor answered the appeal of these defendants.
The record indicates the following facts to be without genuine dispute.
Lawrence Hurks died, as a result of accidental drowning, on August 27, 1976, while in the course and scope of his employment with Mid-State. The deceased was 26 years of age. He was survived at his death by his wife, Linda Fay, and two minor children born of that marriage. Though estranged from his wife and two minor children for some time prior to his death, Lawrence Hurks and his wife were not legally separated or divorced.[1] The deceased was also survived at his death by his father and mother, Marie Sanders Hurks and Ernest Hurks, who were divorced in the year 1966.
Some six months previous to his death Lawrence Hurks returned from Houston, Texas, where he had been employed, to live in the home of his mother, at Long Leaf, Louisiana. After his return to Louisiana he sought and obtained employment with Mid-State. At the time of his death Lawrence Hurks was living in his mother’s home together with his mother and eighty-one year old grandmother, Delcie Sanders. While living in his mother’s home the deceased was provided with lodging and meals and contributed to his mother an amount estimated at $50 to $60 weekly.[2] During the period that Lawrence Hurks lived with his mother, and continuously for some 10lh years previous thereto, plaintiff, Marie Sanders Hurks, was regularly employed by Heritage Manor Nursing Home and earned approximately $82.50 per week. She owned the home in which she lived having inherited it from her parents. Decedent’s grandmother, Delcie Sanders, who also lived in the home had her own income through social security payments in the amount of $159.40 per month. The record contains little or no evidence as to plaintiff’s living expenses or expenses of the household during this period, although, plaintiff did admit that following her son’s death there was no change in her and her mother’s ability to provide for the household expenses.
With regard to the claim for funeral expenses by Ernest Hurks, the record reflects that Ernest Hurks was the beneficiary under a life insurance policy, with face value of $2000.00, issued by Williams Progressive insuring the life of Lawrence Hurks. Ernest Hurks made all premium payments due under this policy. The funeral expense bill of Community Funeral Home amounting to the sum of $1839.87 was paid in full from the proceeds of this policy.
On appeal defendants complain of the following errors:
(1) The Lower Court erred in not maintaining the defendant’s exception of no right of action as to the demand against them by Marie Sanders Hurks for death benefits;
(2) The Lower Court erred in not maintaining the exception of no right of action of defendants as to the demand against them by Ernest Hurks for the funeral expenses;
(3) The Lower Court erred in holding Marie Sanders Hurks was a “dependent in law” even though she did not prove she was a “dependent in fact” on decedent;
(4) The Lower Court erred in allowing the hearsay testimony, over objection, of Charles Hurks as to what the decedent told him;
*1117 (5) The Lower Court erred in failing to apply the adverse presumption against plaintiffs for the plaintiffs’ failure to have called to testify at trial Mrs. Delcie Sanders;
(6) The Lower Court erred in finding U.S. Fire Insurance Company liable for the first $35,000.00 due Marie Sanders Hurks in compensation benefits.
We will first consider appellants’ assignment of error number three as our ultimate conclusion with regard to this issue renders academic a discussion of all other assignments of error, excepting assignment of error number two.
Although the trial court specifically found the evidence disclosed that Marie Sanders Hurks was not actually dependent upon her deceased son for support, judgment was rendered in her favor because, in the trial court’s opinion, “the evidence did disclose a dependency-in-law as set forth in McDermott v. Funel, 258 La. 637, 247 So.2d 567 (1971)”. In effect, the trial court concluded that under the holding of McDer-mott, supra, a surviving mother, with whom a deceased son lived, is conclusively presumed to be dependent if it be shown that the son contributed an amount of money at regular intervals for defrayal of household expenses.
We concur in the trial court’s factual finding that Marie Sanders Hurks was not actually dependent upon her deceased son for support, the evidence in the record furnishing a reasonable basis for such conclusion, however, we disagree with the trial judge’s interpretation of the holding in McDermott, supra.
Pertinent provisions of our workmen’s compensation law provides as follows:
§ 1231. Death of employee; payment to dependents
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
Amended by Acts 1968, Ex.Sess., No. 25, § 6; Acts 1975, No. 583, § 10, eff. Sept. 1, 1975.
§ 1251. Persons conclusively presumed dependents
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
Amended by Acts 1975, No. 583, § 13, eff. Sept. 1, 1975.
§ 1252. Determination of dependency in other cases
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.
A casual reading of the above provisions indicate quite clearly that workmen’s compensation death benefits are payable only to the legal dependents of the employee actually dependent upon his earn *1118 ings for support at the time of the accident causing death. It is also evident from a reading of LSA-R.S. 23:1251 that a conclusive presumption of actual dependency operates only in favor of a surviving spouse and child or children of the decedent under the special circumstances therein set forth. In all other cases, including a claim by a surviving mother, there must be a factual showing by a preponderance of credible evidence that the legal dependent seeking death benefits was actually dependent upon the decedent’s earnings for support. LSA-R.S. 23:1252; Brown v. New, 293 So.2d 562 (La.App. 1st Cir. 1974). In our view, our Supreme Court in McDermott, supra, did not intend to abrogate the necessity for a factual showing of actual dependency by a surviving mother as required by our statutory law nor does a proper interpretation of that decision indicate that our high court jurisprudentially created a conclusive presumption of dependency for a surviving mother upon a factual showing that the decedent lived with his surviving mother and contributed regularly for his share of household expenses, i. e., “a dependency-in-law”. Quite to the contrary, our high court in McDermott, supra, carefully pointed out that:
“The trial court’s factual finding of dependency, based upon this evidence found credible by it, is correct.” (Emphasis ours)
McDermott, supra, and the instant case are factually inapposite. In McDermott, supra, the trial court found actual dependency based on a factual showing that the deceased son lived with his mother and sisters and contributed weekly to the household and the surviving mother was a low-paid domestic, with two small children to support, subject to illness, and receiving wages only days when she worked. In the instant case the learned trial judge found no actual dependency based on a factual showing that the surviving mother was owner of her own home; in good health; had no one to support but herself; and, had been regularly employed with earnings in excess of $80.00 weekly for the past eleven years.[3]
We ultimately conclude the trial court was eminently correct in its factual finding that plaintiff, Marie Sanders Hurks was not actually dependent upon her deceased son’s earnings for her support at the time of his death. Having so found the trial court erred in awarding plaintiff judgment for workmen’s compensation death benefits. Our decision in this regard requires reversal of the trial court judgment in favor of Marie Sanders Hurks and obviates the necessity for consideration of the other issues raised by defendants, excepting assignment of error two.
Appellants contend that the trial court erred in not maintaining their exception of no right of action as to the demand of Ernest Hurks for reimbursement of the decedent’s funeral expenses. Appellants’ contention is without merit.
LSA R.S. 23:1210 provides as follows:
In every case of death, the employer shall pay or cause to be paid, in addition to any other benefits allowable under the provisions of this Part, reasonable expenses of the burial of the employee, not to exceed fifteen hundred dollars.
Amended by Acts 1970, No. 157, § 1; Acts 1975, No. 583, § 8, eff. Sept. 1, 1975.
The record establishes that decedent’s funeral expenses were paid by his father, Ernest Hurks, albeit with proceeds derived by him from a policy of insurance carried on the life of his son. Having paid all funeral expenses plaintiff, Ernest Hurks, has a right of action to demand and recover the amount expended, not to exceed the statutory maximum. Appellants’ suggestion that the payment by the insurer inured to their benefit is without merit. In Milton v. T. J. Moss Tie Co. et al., 20 So.2d 570 (La.App. 2nd Cir. 1944), writ refused, our brethren of the second circuit in rejecting a similar contention stated:
*1119 “. . . when burial insurance is carried by the deceased workman and his funeral is conducted by the insurer, his widow and heirs are entitled to recover of the employer the amount of the policy not in excess of $100. If this were not true a workman by carrying burial insurance would be paying out his money on premium account for the protection of his employer as much as for the protection of his widow and/or dependents. This is not the law’s intention and certainly is not sanctioned by any rule of equity of which we have knowledge.”
For the above and foregoing reasons the judgment of the trial court in favor of plaintiff, Marie Sanders Hurks and against the defendants, Mid-State Materials, Inc. and U.S. Fire Insurance Company, in solido, is reversed and set aside and it is now ordered, adjudged and decreed that the suit of plaintiff, Marie Sanders Hurks against these defendants is ordered dismissed with prejudice. In all other respects the judgment appealed from is affirmed. Costs of this appeal are assessed to appellants.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

. The workman’s compensation claim of the wife and minor children of decedent against the employer, if any exists, is not at issue in this lawsuit.

. Although defendants dispute the fact of any contributions the trial judge concluded that the decedent did contribute this approximate amount weekly.

. In his written reasons for judgment the trial court found that the deceased son’s contributions went to cover his lodging, food and a share of the household expenses.