367 So.2d 309 (1979)
Marie Sanders HURKS
v.
L. H. BOSSIER et al.
No. 62519.
Supreme Court of Louisiana.
January 29, 1979.
James A. Bolen, Jr., Bolen & Erwin, Alexandria, for defendant-respondent.
James M. Buck, Kramer & Davis, Alexandria, for plaintiffs-appellants.
DIXON, Justice.[*]
In this workmen's compensation case we granted writs to review the question of "dependency" of a claimant for death benefits. R.S. 23:1252. The trial court rendered a judgment for the plaintiff, and the Court of Appeal reversed. Hurks v. Bossier, 359 So.2d 1114 (La.App.1978).
The record is sparse; the evidence of dependency lacks detail, and is sometimes imprecise; none of it, however, is controverted or disputed.
Twenty-six year old Lawrence Hurks died in a compensable accident on August 27, 1976. His earnings averaged $154.00 a week. He was living apart from his wife and children, who were in Texas; he lived with his fifty-four year old motherplaintiff hereand his eighty-one year old grandmother, a heart patient, ambulatory with a walker, who was unable to come to court. Marie Sanders Hurks, Lawrence's mother, was regularly employed at a nursing home. She made about $3700.00 a year after taxes, and had no other income. The grandmother received $159.00 a month from social security payments. The plaintiff did not pay rent, because the house had been her father's. The only specific testimony adduced concerning the cost of living was that it took $45.00 to $50.00 a month to fill up the butane tank for the purpose of cooking and keeping the house warm for the grandmother, and over $20.00 a month to pay the light bill. When questioned about money for clothes, Mrs. Hurks testified that there was not enough money for clothes, either before or after her son's death.
Lawrence gave his mother $50.00 to $60.00 a week. It was not considered to be room rent, but was given "to help support the house."
These facts alone show that plaintiff was living at a poverty level. Plaintiff's income, *310 after utilities were deducted, was almost doubled by her son's weekly contributions. The Workmen's Compensation Act provides that a surviving spouse and a child are conclusively presumed to have been dependent upon the deceased workman. R.S. 23:1251. R.S. 23:1252 provides: "In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; . . ."
The last time this section was under consideration by this court was in McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971). There, a twenty-three year old son lived with his mother and two small sisters; he earned $55.00 a week, while his mother earned about $40.00 a week as a domestic, when she worked. The son contributed $15.00 to $20.00 a week. We held, "It was error to attempt to deduce a mathematically exact balance sheet of expenses and earnings through the use of isolated portions of her testimony, in context imprecise and incomplete." (258 La. at 667, 247 So.2d at 570). We held there that the evidence showed the plaintiff to have been actually dependent on her deceased son.
Dependency is discussed in The Law of Workmen's Compensation by Arthur Larson, Matthew Bender, Volume 2, 1976, § 63.11:
"The general test of dependency may be stated as follows: A showing of actual dependency does not require proof that, without decedent's contributions, claimant would have lacked the necessities of life, but only that decedent's contributions were relied on by claimant to maintain claimant's accustomed mode of living.
It follows that there can be no absolute dollar standard by which to test either the magnitude of claimant's need or the magnitude of decedent's help in meeting that need. What counts is the relation between the two. So, although ordinarily the receipt of only $65 could scarcely be expected to establish dependency, dependency was indeed found in a case involving a claimant who was living in extreme poverty with virtually no income."
As for partial dependency, the standard is stated in Larson's work at § 63.12:
"Partial dependency may be found when, although the claimant may have other substantial sources of support from his own work, from property, or from other persons on whom claimant is also dependent, the contributions made by the decedent were looked to by the claimant for the maintenance of his accustomed standard of living."
Mrs. Hurks made hardly enough money to live. Her son's contributions substantially increased her income. Even with her son's contributions, her uncontradicted testimony was that there was hardly enough money for her to buy clothes (an obvious need if she were to continue her employment).
The evidence before us establishes at least a prima facie case of dependency. The absence of any evidence that Mrs. Hurks was not dependent on her son requires a reversal of the Court of Appeal, and a reinstatement of the judgment of the district court.
Therefore, the Court of Appeal is reversed, and the judgment of the district court in favor of the plaintiff, Marie Sanders Hurks, and against defendants, Mid-State Materials, Inc. and U. S. Fire Insurance Company, in solido, condemning them to pay to her $25.00 a week from August 27, 1976, plus legal interest from date of judicial demand until paid, is reinstated, all at the cost of the defendants.
NOTES
[*] Chief Judge James E. Bolin participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Joe W. Sanders, Retired.