BOUTALL, Judge.
This is a worker’s compensation case. From a judgment dismissing a suit for death benefits, the claimant has appealed.
Leonard Celestin was killed in an accident while working on a plantation in Vach-erie on June 6, 1980. The decedent’s father, James Celestin, and his divorced sister, Laura Celestin Champagne, individually and on behalf of her three minor children, filed separate suits on June 5, 1981 seeking worker’s compensation benefits from the employer, Wilbert Waguespack, Jr., and his insurer, Southern Farm Bureau Casualty Insurance Company. The two suits were tried as a consolidated matter and judgment was rendered dismissing Laura Champagne’s suit but finding James Celestin partially dependent on his son, Leonard, and entitled to minimum benefits of $44.00 per week. Laura Champagne has appealed dismissal of her suit.
The issue on appeal is whether or not Laura Champagne and her minor children were dependent upon Leonard Celestin for support and entitled to worker’s compensation benefits.
The applicable statutes for death benefits in the worker’s compensation law are: LSA-R.S. 23:1231, which provides for weekly compensation to legal dependents who are “actually and wholly or partially actually” dependent upon his earnings for support at the time of death; LSA-R.S. 23:1232, which specifies the basis for computing the payment due to the various classes of dependents; and LSA-R.S. 23:1252, which provides that, “the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of death.... ” A claimant other than a spouse or child of the decedent must prove that the deceased employee was actually making contributions at the time of his death, and that the claimant was totally or partially dependent on the contributions. However, the claimant does not have to show that he would have lacked the necessities of life without the support, only that he relied upon it to maintain his accustomed standard of living. Hurks v. Bossier, 367 So.2d 309 (La.1979).
Leonard Celestin (“Leonard”) was unmarried, had no children and had adopted no one. He worked on a plantation in Vacherie and was furnished with a labor house as part of his salary. His elderly father and mother resided with him in the house. The trial judge, in his reasons for judgment, stated that:
*431 “... [P]laintiff, Laura Champagne, has failed to bear her burden of proving dependency. The only evidence on her behalf consisted of self-serving statements that decedent gave her a few dollars on a few occasions. This plaintiff clearly did not prove even partial dependency.”
Testimony was given by James Celestin, Leonard’s father, Laura Champagne, Mary Jackson, and Wilbert Waguespack, Jr., Leonard’s employer. Mr. Waguespack testified that he had seen Laura about the Celestin house but had not ever entered the house and did not know whether she was living there at the time of Leonard’s death. He stated that Lawrence Champagne, Laura’s ex-husband, was also an employee at his plantation, and that he made deductions for child support from Lawrence’s pay, which he forwarded to the welfare office every two weeks. James Celestin stated positively that Laura was not living with him and his wife when Leonard died. Laura had been in the habit of leaving the children with the Celestins for several days at a time, about which her father complained strongly. Occasionally Leonard bought clothes for the children but he did not support them.
Laura testified to the contrary on all points, insisting she had been living with her parents when Leonard died, that he had given her money and bought clothes for the children, and in the past, when she lived in another house, bought groceries for her and the children. Laura’s testimony is vague as to dates of various occurrences; however, she admitted that she had been living with other siblings for about eight months in California and had returned to Louisiana only two months before Leonard died. She stated that Leonard sent her $30.00 twice when she was in California and on the Saturday after her return bought a dress and shoes for her daughter and gave hér $20.00. He also gave her $30.00 from his next pay check. She received no other contributions from Leonard during that year. Mary Jackson’s testimony was that on two occasions she saw Leonard give money to Laura. In the case of Affiliated Foods, Inc. v. Blanchard, 266 So.2d 539 (La.App. 3rd Cir.1972), the court held that occasional contributions of cash were insufficient to prove whole or partial dependency.
The plaintiff argues that where evidence of need and some contributions is present a liberal view is taken on the question of dependency, citing McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971). Unlike the facts of our case, in McDermott there is uncontradicted testimony that the decedent made regular weekly contributions toward support of the household in which he lived with his two young sisters and mother, and that the mother had medical problems, was in a low-paid domestic job, and frequently was unable to work a full week. The court found that the record clearly showed the mother’s dependency on the regular support of her son. The plaintiff further argues that the trial court should have applied the “common fund” concept, i.e. that Leonard provided support for his father, who passed the support on to the children, who stayed with him three to four days every week in Leonard’s house. Counsel cites Duos v. Gravier & Harper, 185 So. 665 (La.App. 1st Cir.1939). In that case a father and his son each had earned $12.00 per week. The son had given all his earnings to his father, who pooled his and his son’s earnings for the support of the household. The decedent son’s parents were held to be wholly dependent on their son because, even though the father earned an equal amount, the parents were dependent on the son’s entire income to support a household that included the working son and a younger child. Our case is distinguishable on facts, as the Champagne children only occasionally slept and ate in the Celestin house.
The decision in this case depends almost entirely upon a credibility judgment by the trial judge. The record substantiates his finding that Laura Champagne failed to bear her burden of proof that she was dependent upon Leonard Celestin for support at the time of his death, although the decedent had helped her financially on occasions in the past.
*432 Accordingly, for the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.