357 So.2d 893 (1978)
In re Mr. and Mrs. Henry MARTIN Applying for Adoption of the minor child, Lance LeBouef.
No. 11890.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Rehearing Denied May 1, 1978.
Ralph D. Hillman, Thibodaux, for plaintiff and appellant.
Michael J. Scurto, Houma, for defendant and appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is an appeal from the denial of an application for an interlocutory decree of adoption.
The issue is the necessity of the approval of the natural father of an informally acknowledged illegitimate. The lower court held such consent was necessary. We reverse and remand.
*894 The natural parents, though unmarried, lived together for eighteen years. When Lance LeBouef, the subject of these proceedings, was born, the father's name was listed on the birth certificate but he did not sign it. When Lance was about seventeen months old, the father's mother took him into her home. After the father's sister, Brenda, married Henry Martin, they moved in with Mrs. LeBouef. Lance has therefore been in the home with the one proposed adoptive parent for about 16 years and with the other about 12. Thinking the natural parents married, counsel for the Martins had an attorney appointed to represent the father, who is working overseas. The father received notification but did not respond. When Mr. and Mrs. Martin found out that the natural parents had not been married, they proceeded with the petition on the grounds that they had the consent of the mother and that the consent of the father was not necessary.
Finding that the father's name was listed on the birth certificate, evidently without objection on his part, that the natural parents were living together at the time of the child's birth, that Mr. LeBouef had admitted the child to be his, the lower court held that the father's consent was required and dismissed the petition for an interlocutory decree.
Louisiana Civil Code Art. 203 requires the acknowledgment of an illegitimate to be by declaration before a notary public and two witnesses unless it shall "have been made in the registering of the birth or baptism of said child."
Although the natural father's name was given on the birth certificate, there is no contention that he signed it. The lower court alludes to the fact that he did not contest his name being entered. However, we believe this to be insufficient; the code speaks in terms of the acknowledgment being made in the "registering of the birth". It is difficult to equate the entering of the name plus the failure to protest under circumstances not made clear with an acknowledgment. See Allen v. Anderson, 55 So.2d 596 (Orl., La.App.1951).
None of the statutes on adoption expressly requires the consent of the father of an unacknowledged or informally acknowledged illegitimate. While the case was concerned with another point, in Moreland v. Craft, 244 So.2d 37 (La.App. 3rd Cir., 1971), writ refused 258 La. 348, 246 So.2d 197 (1971), the consent of the father was evidently not required. Lange v. Cole, 289 So.2d 304 (La.App. 1st Cir., 1971), expressly held that the consent of the father of an illegitimate not acknowledged under Civil Code Art. 203 was not required.
We get some additional support for our position from the terms of La.R.S. 9:431 that speaks of the withdrawal of consent by the parent who has acknowledged the child under C.C. 203. The surrender of an illegitimate not formally acknowledged or legitimated by the father does not require the consent of the father. LSA-R.S. 9:404. See Golz v. Children's Bureau of New Orleans, Inc., La., 326 So.2d 865 (1976).
The decision is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.