392 So.2d 105 (1980)
SUCCESSION of Salassi RICHARDSON.
No. 13487.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Writ Refused February 13, 1981.
*106 Jack M. Dampf, Baton Rouge, for defendant-appellant R. D. Richardson.
Jonathan C. Harris, Baton Rouge, for defendant-appellant Willie Brown Richardson.
A. Clay Pierce, Jr., Baton Rouge, for defendant-appellee Alma Francis Christy.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
Salassi Richardson, a lifelong resident of East Baton Rouge Parish, departed this life on October 30, 1978, at age 80. Prior to his death, Richardson was married but once and then to Julia Alexander from whom some sayhe was divorced. Notwithstanding, the testimony establishes that she predeceased him without issue of marriage. Decedent left a number of "legitimate" relatives, the closest of which was a niece, Alma Francis Christy.
After Salassi's death, several petitions were filed by those seeking to be named administrator. Appellant and an R. D. Richardson both alleged that each was the sole child of Salassi Richardson and, therefore, entitled to succeed to his estate. Mrs. Christy filed an opposition and a petition setting forth her claim as the sole heir by virtue of her legal status. The trial court conducted an extensive evidentiary hearing and found that Willie B. Richardson was, indeed, the acknowledged illegitimate child of Salassi Richardson. Nevertheless, it denied relief to Willie B. Richardson because of the provisions of Civil Code article 919 which provide:
"Art. 919. Illegitimate children of father
"Art. 919. Illegitimate children are called to the inheritance of their father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the state.
"In all other cases, they can only bring an action against their father or his heirs for alimony, the amount of which shall be determined, as is directed in the Title: Of Father and Child. (Amended by Acts 1979, No. 607, § 1.)
The court further ruled that R. D. Richardson failed to meet the burden of proof required to establish paternity and granted judgment in favor of Alma Francis Christy, recognizing her as the sole legal heir and sending her into possession of the decedent's estate. R. D. Richardson perfected a devolutive appeal, but he has subsequently moved for and was granted a dismissal of his appeal. The judgment below is, therefore, final as to him. Willie B. Richardson has appealed, suspensively, and we are now confronted with his constitutional challenge to article 919 of the Revised Civil Code.
Alma Francis Christy has answered the appeal of Willie B. Richardson and challenges the trial court's finding that Willie B. Richardson is the acknowledged illegitimate son of Salassi Richardson.
In the trial court, appellant, Willie B. Richardson, adduced considerable testimony and documentary proof, substantially unrebutted, of his filiation and that he was without question the acknowledged illegitimate child of Salassi Richardson. On its findings, the trial court is given great discretion unless the record reveals manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). We are unable to find error. The argument is without merit.
Appellant's constitutional attack on article 919 is devastating. In a scholarly exposition, he traces the history of law, morality and policy as each relates to filiation, commencing with the reign of Justinian and ending with the more recent Second Circuit Court of Appeal ruling, per Jones, which declared article 919 unconstitutional. Succession of Brown, 379 So.2d 1172 (1980), *107 writ granted 382 So.2d 1391 (1980). Since the submission of this case, our high court has spoken to this issue. It has reviewed the ruling and rationale in Brown and has affirmed the Second Circuit's invalidation of Civil Code article 919.[1]
The court reasoned that article 919 violates both the equal protection clause of the Fourteenth Amendment to the U. S. Constitution and Article I, Section 3 of the Louisiana Constitution of 1974. Citing a number of U. S. Supreme Court decisions affecting the rights of illegitimate children,[2] the majority points to the shift in tests from that of "minimum rationality" (Labine), to "substantial relationship to state interest" (Trimble).
As here applicable, the specific ruling of the court as articulated by Justice Blanche which we are duty bound to apply, states:
"Thus, both the United States and Louisiana Constitutions prohibit the total denial of inheritance rights of acknowledged illegitimates in the succession of the father who is survived by other relations. From our examination of art. 919, it is apparent that the respondents are being discriminated against because of their birth status, for had they been born legitimate, or made legitimate as the relator was, they would have succeeded with the relator to their father's succession. Absent any legislative authority to remedy their loss of succession rights as the children of their father, we find the statute denies them the equal protection of the law."
The trial court below, although finding appellant to be the acknowledged illegitimate son of Salassi Richardson, followed the statute and upheld the legitimate niece's exception of no cause of action. We, therefore, reverse the ruling of the trial court and remand the cause with instructions to strike the judgments entered below which purport to recognize Alma Francis Christy as the sole heir of Salassi Richardson and which sends her into possession of the entire estate, and to reinstate the petition of Willie B. Richardson consistent with this opinion and the recent decision of our Supreme Court handed down September 3, 1980.[3]
REVERSED AND REMANDED.
WATKINS, J., concurs and assigns reasons.
WATKINS, Judge, concurring.
I concur in the result, conceding the decision of the United States Supreme Court in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977) as interpreted in Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1979) to be controlling.
However, we cannot agree with the reasoning or the result of the former case, or the reasoning of the latter case. Indeed, Mr. Justice Powell's interpretation in Lalli of his decision in Trimble alarms us. Mr. Justice Powell appears to uphold a New York statute requiring a judicial proceeding to establish paternity because that statute is not founded upon "marital status". Thus, apparently, a statute that is founded upon "marital status" appears in Mr. Justice Powell's mind, to be Constitutionally reprobate. That view of the significance of the Fourteenth Amendment, as a simple reading of Mr. Justice Rehnquist's dissent in Trimble demonstrates, is both historically incorrect and legally unsound. If the law cannot constitutionally assign a certain legal significance to marital status, the family, which is the basic unit of Western civilization and practically all civilized society, is *108 cast into legal uncertainty. Is the next step, assuming that "martial status" should not be reflected legislatively, to strike down marriage as a legal institution, and to permit marriage to exist as it is only extrajudicially (and extralegally), recognized by religious groups (which we assume will be permitted to remian in existence in vestigial form by the new establishment) only under the freedom of religious guarantee of the First Amendment? Alas 1984 is only about three years away.
NOTES
[1] Succession of Brown, 379 So.2d 1172 (La. 1980).
[2] Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971); City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979); Matthews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); and Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).
[3] Slip opinion per Justice Blanche, Succession of Brown, 379 So.2d 1172 on the docket of the Louisiana Supreme Court.