460 So.2d 19 (1984)
In the Matter of the SUCCESSION OF Simon ALEXANDER, Jr.
No. CA 83 1190.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 14, 1985.
*20 Raymond Charles Vinet, Baton Rouge, for plaintiff-appellee.
Randall A. Shipp, Baton Rouge, for defendant-appellee.
Doris Falkenheiner, Baton Rouge, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON,[*] JJ.
LOTTINGER, Judge.
In this succession proceeding, appellant, Dorothy Lee Alexander Scott, petitions to prove filiation under La.Civ.Code Arts. 208 and 209. From a judgment maintaining the peremptory exception of prescription, Ms. Scott appeals.
From the record we glean the following: Simon Alexander, Jr. died on November 24, 1982; he never married; he was survived by an illegitimate daughter (appellant), a brother and several sisters; decedent's *21 brother filed a petition for possession on behalf of himself, the remaining heirs, but excluding appellant. Ms. Scott the appellant, born on August 26, 1937,[1] filed a petition for possession and for revocation of the appointment of Clarence Taylor, decedent's nephew, as administrator. In her petition she alleges the decedent informally acknowledged her. She prayed that she be recognized as the sole heir of the decedent.

ASSIGNMENTS OF ERROR
In appealing Ms. Scott alleges that the trial judge refused to allow her to present testimony on the issue of informal acknowledgement and in maintaining the peremptory exception of prescription.
In her brief she submits that the following issues are present:
1. May an illegitimate daughter establish that she was acknowledged by her father by means other than a declaration executed before a notary public and two witnesses, or in the registering of the child's birth or baptism of such child?
2. Is an informally acknowledged illegitimate required to prove filiation under Article 208 and 209 of the Louisiana Civil Code?
3. Does Article 209 of the Louisiana Civil Code violate the Equal Protection Clauses of the Constitution of the United States and the Louisiana Constitution of 1974?
4. Did the trial court commit error by refusing to allow appellant to present evidence at the trial of the peremptory exceptions?

REQUIREMENT TO PROVE FILIATION
Appellant argues that as an informally acknowledged illegitimate she is not required to bring an action to prove filiation. The basis of the argument is that an informal acknowledgment meets the requirement of La.Civ.Code art. 203, citing McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971); State v. De Lavallade, 215 La. 123, 39 So.2d 845 (1949); Succession of Corsey, 171 La. 663, 131 So. 841 (1930); Succession of Richardson, 392 So.2d 105 (La.App. 1st Cir.1980), writ refused, 396 So.2d 1324 (1981); Allen v. Anderson, 55 So.2d 596 (La.App.Orl.Cir.1951).
We find none of the cases controlling. All of these cases predate the amendments to La.Civ.Code arts. 208 and 209. They stand for the simple proposition that an illegitimate may establish by proof that they were acknowledged by a parent by means other than that prescribed by La. Civ.Code art. 203. However, such an informal acknowledgment does not dispense with the action to prove filiation as prescribed by La.Civ.Code art. 209.
Article 209 requires "a child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203" to prove filiation. Article 203 provides for acknowledgment by declaration before a notary public and two witnesses by the father and mother or either of them or in the registering of the birth or baptism of the child. The legislature in amending La. Civ.Code arts. 208 and 209[2] has in essence said that an Article 203 acknowledgment is self proving, whereas any other must be proven in an action to establish filiation.
Appellant does not allege or attempt to prove that she is the legitimate child of the decedent, either at birth, or by initiative of a parent, nor that she was acknowledged under Article 203. Where acknowledgment does not meet the requirements of Article 203, the individual must prove filiation. Thus, she is one of those persons required to prove filiation under Article 209.

CONSTITUTIONALITY OF LA.CIV.CODE ART. 209
On the issue of the constitutionality of Article 209 appellant apparently attempts *22 to draw some distinction between an illegitimate never acknowledged, formally or informally, and one informally acknowledged. Article 209 provides for the proof necessary and sets a time limit within which a filiation suit must be filed. All individuals required to prove filiation are treated equally. Setting a time limit within which to sue to prove filiation is substantially related to a permissible state interest, e.g. state land titles and orderly disposition of property. Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); Succession of Brown, 388 So.2d 1151 (La.1980). Thus we find Article 209 constitutional.

PRESCRIPTION
Appellant argues that since she was acknowledged, though informally, by the decedent, she was not required to bring the filiation action under Article 209. We have previously concluded that appellant is one of those persons required to prove filiation under Article 209. The trial court's refusal to allow appellant to present evidence to prove an informal acknowledgment at the hearing on the peremptory exception of prescription was not error in light of our previous ruling because the only issue before the court at that time was the timeliness of suit and not whether Article 209 was applicable.
The action to prove filiation "must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." La.Civ.Code Art. 209. Additionally in amending and reenacting Article 209, Act 720 of 1981 § 2 provided that "any person against whom the time period provided in this Act would otherwise have accrued except for the provisions of this Section shall have one year from its effective date to bring a proceeding to establish filiation of a child...."
Since appellant was at least 40 years of age as of the date of death of the decedent the requirement of bringing suit within 19 years of the child's birth was inapplicable, and the special provision of filing suit within one year of the effective date of Act 720 was thus applicable to appellant. The Acts of the Legislature of 1981 went into effect on September 11, 1981. Thus, since appellant's claim was not filed until May 5, 1983, the trial judge was correct in maintaining the peremptory exception of prescription.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] The year of her birth is also mentioned as 1942 in the record. However, for purposes of this opinion, whether her birth was in 1937 or 1942 does not make any difference.
[2] Acts 1981, No. 720 and Acts 1980, No. 549.