CRAIN, Judge.
This is an appeal from a finding by the trial court that the time for filing a filiation action by the plaintiff has prescribed.
Edwin Cain Davis died on October 9, 1984. On October 22, 1984, Eddie Aron Jackson petitioned to be appointed administrator of the decedent’s estate, claiming to be the biological child of the decedent. This appointment was opposed by James Lloyd Davis, who claimed to be the legitimate son of the deceased. Jackson filed a petition for a declaratory judgment for determination of heirship. Davis filed a re-conventional demand seeking a declaration that he, Davis, is the legitimate son of the decedent. Davis then filed a peremptory exception of prescription, claiming that any right of action for filiation possessed by Jackson has prescribed. The trial court found that the action available to Jackson has prescribed pursuant to the provisions of La.C.C. art. 209(C).
On appeal, the plaintiff alleges that the trial court was in error in maintaining the exception of prescription and in failing to grant the plaintiff a new trial on the issue of prescription. The sole issue before this court is whether the plaintiff’s action has prescribed.
APPLICATION OF LA.C.C. ART. 203
La.C.C. art. 203 provides in part: “[t]he acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses ... ”. “In order to establish filiation, a child who does not enjoy legitimate filiation or who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203, must institute a proceeding under Article 209.” La.C.C. art. 208. The plaintiff contended at trial and now raises the issue on appeal that he has been acknowledged in compliance with La.C.C. art. 203 and so does not have to bring the filiation proceeding. This acknowledgment is based upon an alleged oral acknowledgment before a notary and two witnesses. It is argued that due to an error in the translation from French to English in the Code of 1825, the wording in article 203 should read “by a declaration received by a notary”. With this change in language, an oral declaration to a notary would satisfy the provisions of article 203 and thereby exempt plaintiff from the prescriptive period of article 209. We cannot agree with plaintiff’s interpretation of article 203. Such an interpretation would render the requirement of a notary meaningless and is totally unsupported by the jurisprudence. Article 203 provides for the formal acknowledgment to be made by a notarized and witnessed “instrument” if not made by the registering of the birth or baptism of the child. McDermott v. Funel, 258 La. 657, 247 So.2d 567, 569 (1971). An oral acknowledgment might qualify as an informal acknowledgment, but that would still require the plaintiff to bring a filiation action under La.C.C. art. 209. See Succession of Alexander, 460 So.2d 19 (La.App. 1 Cir.1984), writ denied 462 So.2d 652 (La.1985). Consequently, La.C.C. art. 203 does not apply to plaintiff in the instant case.
COMPLIANCE WITH LA.C.C. ART. 209
La.C.C. art. 209(C) requires that the filiation proceeding be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever occurs first. If the proceeding is not timely instituted, the child may not establish his filiation except for the sole purpose of establishing the right to recover damages under La.C.C. art. 2315. It is uncontested that the plaintiff was born in 1938 and his nineteenth birthday occurred in 1957. The trial judge correctly found that the action had prescribed under the provisions of La.C.C. art. 209 and that the grace *840 period provided by the enactment of the 1981 amendment to article 209 had long since passed. In the Matter of the Filiation of Robert Thomas, Jr., 450 So.2d 1048 (La.App. 1 Cir.), writ denied, 457 So.2d 1192 (La.1984).
Plaintiff questions the constitutionality of the time limitation of La.C.C. art. 209. The limitation of 209(C) that the action be brought within nineteen years of birth or within one year of the alleged parent’s death, whichever occurs first, has been upheld as constitutional by the Louisiana Supreme Court in Succession of Grice, 462 So.2d 131 (La.1985), dismissed for lack of federal question, 473 U.S. 901, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1985). The state has a permissible interest in providing for the just and orderly disposition of property at death where intestate paternal inheritance of illegitimate children is concerned. As stated by the U.S. Supreme Court in Reed v. Campbell, 476 U.S. 852, 106 S.Ct. 2234, 2237, 90 L.Ed.2d 858 (1986):
The state interest in the orderly disposition of decedents’ estates may justify the imposition of special requirements upon an illegitimate child who asserts a right to inherit from her father, and, of course, it justifies the enforcement of generally applicable limitations on the time and the manner in which claims may be asserted. After an estate has been finally distributed, the interest in finality may provide an additional, valid justification for barring the belated assertion of claims, even though they may be meritorious and even though mistakes of law or fact may have occurred during the probate process.
The plaintiff’s argument, however, does not dispute this issue but instead makes issue of why 209(C) provides an exception from the general time requirements by granting a separate time period for an illegitimate for purposes of La.C.C. art. 2315. The plaintiff’s claim does not fall under this provision, nor is it affected by it. Plaintiff is asserting only a succession claim, not a succession and a tort claim, and not just a tort claim. Therefore, Grice, 462 So.2d 131, is dispositive of this case. The plaintiff contends that this differing treatment denies him the equal protection of the law. Even though the provision in question does treat some illegit-imates different than others, it is not due to their classification as illegitimates. The differing treatment depends on the type of action that is asserted. The legislature has set different time limits for succession purposes and tort purposes. If plaintiff had a tort claim he would be in the same position as any other illegitimate with a tort claim. Although the same time period for illegit-imates to assert tort and succession claims might have been easier to comprehend, our review is limited to constitutionality. We find no constitutional problems with La.C.C. art. 209.
The judgment below is affirmed with all costs of this appeal to be assessed to the plaintiff/appellant.
AFFIRMED.