CHIASSON, Judge.
Robert Aikens died on July 31, 1980, in Ascension Parish, where he was domiciled. The defendants-appellants in the instant suit, claiming to be the children of the decedent, obtained an ex parte judgment of possession placing them in possession of the property left by Aikens. Plaintiffs-ap-pellees, Betsy York and Hilda Harbor Howard, claiming to be the sister and niece of Aikens, filed a petition to annul the ex parte judgment. After trial on the merits, judgment was rendered in favor of the plaintiffs, declaring the ex parte proceedings to be null and void and ordering the clerk of court to make the proper notations in the records. Defendants have appealed.
Appellants contend that the trial court erred in finding that defendants were not the descendants and heirs of Robert Ai-kens.
LSA-C.C. art. 209(B) provides that:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
The evidence clearly establishes that appellants are not entitled to claim legitimate filiation to decedent nor were they filiated by legitimation or by acknowledgment under. C.C. art. 203. Further, no civil proceeding was ever instituted by the appellants.
Appellants claimed only that they were informally acknowledged by decedent. They are therefore required to prove filiation under C.C. art. 209 before they can petition for possession of the estate. Succession of Alexander, 460 So.2d 19 (La.App. 1st Cir.1984) writ denied, 462 So.2d 652 (La.1985).
Under these facts the trial judge was eminently correct in declaring the ex parte judgment of possession null and void.
The judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.