MARVIN, Judge.
In this appeal arising out of an action to set aside a judgment of possession and reopen a succession, plaintiff contends that the trial court should not have rejected his demands but should have recognized him as the formally acknowledged son of the decedent under La.C.C. Art. 203 by virtue of a birth certificate and a document of the United States Bureau of Census. We affirm.
Defendant-appellee is the legitimate daughter of decedent who was placed into possession of decedent’s estate by a judgment four years before this action was instituted.
Plaintiff’s effort to prove his filiation or informal acknowledgment by decedent was thwarted because his action was untimely filed under C.C. Art. 209. Plaintiff makes no complaint in this respect in this appeal. We consider only whether either or both the birth certificate and the Census form constitute a “formal acknowledgment” under C.C. Art. 203.
We reproduce each document:
*1384 [[Image here]]
*1385 [[Image here]]
Plaintiff and defendant do not have the same mother. Both claim E.J. Brown as father. E.J. Brown's succession was opened after his death in 1982. Affidavits asserted that defendant was the only child who was bom of the only marriage of decedent, and that decedent did not adopt anyone. The judgment of possession was signed in October 1982.
Plaintiff brought his action in October 1986, more than one year after decedent’s death and long after plaintiffs 19th birthday. Because of this circumstance, the trial court correctly sustained defendant’s exception of prescription which was leveled at plaintiffs effort to prove he was an informally acknowledged son. C.C. Art. 209; Succession of Davis, 509 So.2d 838 (La.App. 1st Cir.1987), writ denied. See also Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985).
CC ART. 203 FORMAL ACKNOWLEDGMENT
The fact that a father is named in or on a birth certificate is not considered a formal acknowledgment or declaration of paternity unless the father signs the certificate. Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983); In Re Martin, 357 So.2d 893 (La.App. 1st Cir.1978), writ denied.
Written declarations of paternity by midwives or others on birth certificates do not legally suffice as a formal acknowledgment, but may be considered with the named father’s later conduct and words as corroborating evidence of informal ac *1386 knowledgment. Compare Wells v. White-Grandin Lumber Co., 13 La.App. 696, 129 So. 171 (1st Cir.1930) and In Re Wildeboer, 406 So.2d 687 (La.App. 2d Cir.1981).
The record does not contain lay or expert testimony about the handwriting on the two instruments on which plaintiff relies or about the handwriting or signature of the decedent. We are not informed who wrote the information contained in the instruments. The information written in the blanks of the birth certificate appears to have been written in the same hand. The birth certificate appears to have been signed in 1933 by the midwife and by the local registrar.
The information written in the blanks of the census form appears to have been written in the same hand, but of course a handwriting that appears different from the handwriting in the blanks of the birth certificate. The census form refers to and abstracts some of the information contained in the birth certificate and appears to have been signed by two Census Bureau officials.
The trial court found that neither record bore the requisite signature of the decedent so as to constitute formal acknowledgment under C.C. Art. 203. The evidence does not show or tend to show that decedent was the person who wrote his name as the father on either the birth certificate or the census form.
Under this record, plaintiff's argument that decedent “could have” written the information contained in the blanks of each form and signed his name in the blank where the father’s name is written is nothing more than rank speculation. The “signature” on the two forms is obviously not the same signature and we have no evidence of how decedent elsewhere signed or wrote his name.
ANCIENT DOCUMENTS
Plaintiff argues the two certificates are “ancient documents,” defined in LRS 13:3729 as including instruments of writing recorded in any state office, bureau, department or agency for more than 30 years. The birth certificate satisfies these requirements. We shall assume for the purpose of discussion, but shall not find, that the Census form is also an “ancient document.”
Under § 3730, the fact of rec-ordation as described in § 3739 establishes a prima facie presumption of the ancient document’s execution and genuineness. The presumption stands unless it is rebutted by those who assail the document. Watkins v. Zeigler, 147 So.2d 435 (La.App. 2d Cir.1962); Osborn v. Johnston, 322 So. 2d 112 (La.1976).
From these provisions plaintiff argues that defendant had the burden of proving that someone other than the decedent signed his name to the birth certificate. We cannot agree.
The birth certificate purports to be signed only by the midwife and the local registrar. The fact of their signatures is not in dispute. While it is reasonable to conclude that their execution of the certificate is presumed under § 3730, it is not reasonable to conclude that the presumption of execution applies to anyone whose name happens to be handwritten in an information blank on the document. Even should we presume that E.J. Brown fathered the child shown on the certificate, we cannot presume he formally acknowledged plaintiff as his child.
The presumption of execution and genuineness of the birth certificate is not controlling, however, as to the issue whether the named father signed the certificate. Defendant does not contend that the instrument is not a genuine certificate that was executed by those whose signatures appear in the places where signatures are directed to be placed. The ancient document statutes are general statutes and do not avail plaintiff. Compare LRS Title 40 discussed hereafter.
BIRTH CERTIFICATE AS EVIDENCE OF PATERNITY
LRS 40:42 provides in part:
A. Except for delayed or altered certificates, every original certificate on file in *1387 the vital records registry is prima facie evidence of the facts therein stated. If the mother was married at the time of either conception or birth, or between conception and birth, the name of the husband shall be entered on the certificate as the father of the child and the surname of the child shall be entered on the certificate as that of the husband, unless he has timely and successfully disavowed the paternity of the child ...
B. (1) If the father is not named on the certificate of birth, no other information about the father shall be entered on the certificate.
(2) In all other cases, the surname of the child shall be the maiden surname of the mother
[[Image here]]
LRS 40:34 B(l)(h) directs that the name of the child’s father is to be entered on the certificate if he was married to the mother at specified times related to the child’s conception and birth. This provision does not direct that the father be named on the certificate in other circumstances.
Under § 34 B(l)(a)(iii) and (iv), the child's surname shall be that of the father if the parents are married, and shall be the maiden name of the mother if they are not. If an illegitimate child is given the natural father’s surname or a surname combining the natural father’s surname and the mother’s maiden name, this statute directs that “the signature of the natural father shall be required on the original certificate of live birth in the space provided for the signature of the parent or other informant.” § 34 B(l)(a)(iv).
When read together, §§ 34 and 42 clearly contemplate that the identity of an illegitimate child’s father need not appear on the birth certificate unless he signs the certificate to approve the use of his surname for the child.
Under the apparent statutory scheme, the birth certificate does not purport to be prima facie evidence of the “fact” of paternity unless it is signed by the father. This conclusion is consistent with the interpretation of CC Art. 203 that formal acknowledgment by registry of the child’s birth requires the signature of the father.
The current text of § 42, from Act 776 of 1979, replaced the former § 40, which had been in effect since 1942. Former § 40 read:
Each certificate ... shall be prima facie evidence of the facts therein stated. Data pertaining to the father of a child are such evidence, if the alleged father is, or becomes, the husband of the mother in a legal marriage; if not, the data pertaining to the father of a child are not such evidence in any civil or criminal proceeding adverse to the interest of the alleged father, or of his heirs ... if the paternity is controverted.
We therefore must conclude that the Legislature has intended that the naming of someone as an illegitimate child’s father by others on the birth certificate would not constitute prima facie evidence of the father’s identity in a paternity dispute and would not suffice as a formal acknowledgment or declaration of paternity by the father under CC Art. 203.
CONCLUSION
We must also observe that the reliability of the birth certificate as prima facie evidence of this plaintiffs paternity is weakened by two other anomalies or incongruous “facts” in the certificate. The certificate expressly states that the child born is a “girl” and that the child’s parents are “lawfully married.”
By filing this action asserting that he is the illegitimate son of the decedent, plaintiff has effectively conceded that two significant facts recited in the birth certificate are not true. His selective reliance on E.J. Brown’s name as the child’s father does not satisfy the legal requirements for formal acknowledgment. See and compare Succession of Davis and In Re Martin, supra.
DECREE
At appellant’s cost, the judgment is AFFIRMED.