CARTER, Judge.
This is an appeal from a trial court judgment maintaining an exception raising the objection of prescription in a succession proceeding.
FACTS
Paul Louis Love died on January 4, 1986. At his death, decedent was survived by his wife, Helen Manning Feierabend Love, Dennis R. Aucoin and Karla Denise Aucoin West, stepchildren from a previous marriage to whom the decedent had made donations, defendants herein.
On August 28, 1986, plaintiff, Tawana Louis Love, filed a petition alleging that she is the illegitimate daughter of Paul Louis Love and that, as a child of the decedent, she is entitled to a portion of his succession. Plaintiff further sought collation and/or reduction of inter vivos donations made by the decedent prior to his death.
The defendants filed various exceptions, including an exception pleading the objection of prescription. After hearing on the exceptions, the trial judge maintained defendants’ exception pleading the objection of prescription and dismissed plaintiffs suit.
From this adverse judgment, plaintiff appeals assigning the following errors:
1. The trial court erred in holding that an informally acknowledged illegitimate child is subject to the nineteen-year time limitation of LSA-C.C. art. 209.
2. The trial court erred in holding that the nineteen-year time limitation of LSA-C.C. art. 209 is constitutional.
WHEN PROOF OF FILIATION IS REQUIRED
Plaintiff contends that she is an informally acknowledged illegitimate child and that, as such, she is not required to bring an action to prove filiation. Plaintiff reasons that an informal acknowledgment meets the requirement of LSA-C.C. art. 203. Plaintiff contends that the amendments to LSA-C.C. arts. 208 and 209 did not overrule prior decisions holding informal acknowledgments legally sufficient. See McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971); State v. DeLavallade, 215 La. 123, 39 So.2d 845 (1949); Succession of Corsey, 171 La. 663, 131 So. 841 (1930); Succession of Richardson, 392 So. 2d 105 (La.App. 1st Cir.1980), writ denied, 396 So.2d 1324 (La.1981); Allen v. Anderson, 55 So.2d 596 (La.App.Orl.Cir.1951).
We disagree. This issue has previously been resolved by this court in Succession of Alexander, 460 So.2d 19 (La.App. 1st Cir.1984), writ denied, 462 So.2d 652 (La.1985). In Succession of Alexander, supra, we held that where an acknowledgment does not meet the requirements of LSA-C. C. art. 203, i.e. acknowledgment by declaration executed before a notary public in the presence of two witnesses or by registering the birth or baptism of such child, the individual must prove filiation únder LSA-C.C. art. 209.
Plaintiff does not allege or attempt to prove that she is the legitimate child of the decedent, either at birth or by initiative of a parent, or that she was acknowledged under LSA-C.C. art. 203. Thus, plaintiff is one of those persons required to prove filiation under LSA-C.C. art. 209. LSA-C. C. art. 208; Succession of Alexander, supra.
PRESCRIPTION
An action to prove filiation “must be brought within one year of the death of the alleged parent or within nineteen years *294 of the child’s birth, whichever first occurs.” LSA-C.C. art. 209(C); Succession of Alexander, supra.
At the time of Love’s death, plaintiff was twenty-two years of age. Clearly, under LSA-C.C. art. 209, plaintiff failed to meet the requirement of filing suit to establish filiation within nineteen years of her birth. The plaintiff filed suit within one year of the death of Love, however, LSA-C.C. art. 209 provides that the action to prove filiation must be brought within nineteen years of the child’s birth or within a year after the death of the alleged parent, whichever occurs first. Plaintiff reached the age of nineteen at least three years before the death of her alleged parent and failed to file suit timely. Thus, her action is prescribed.
CONSTITUTIONALITY
Plaintiff asserts that the trial court erred in holding that the limitation of LSA-C.C. art. 209 is constitutional. LSA-C.C. art. 209 provides for the proof necessary and sets a time limit within which a filiation suit must be filed. All individuals required to prove filiation are treated equally. Setting a time limit within which to institute an action to prove filiation is substantially related to a permissible state interest, e.g., state land titles and orderly disposition of property. Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); Succession of Brown, 388 So.2d 1151 (La.1980), cert. denied, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981); Succession of Alexander, supra. Thus, we find LSA-C.C. art. 209 constitutional.
For the above reasons, the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.