Dear Rev. McCraney:
 Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following question with respect to LSA-R.S. 40:34(B)(1)(a)(iii), (iv):
Whether, for purposes of child support, a certificate of birth regarding a child born to a single mother, listing the father's name and the child given the surname of the father, is sufficient of itself to bear an award of child support, without having to provide and introduce into the court's records a copy of the "In Hospital Acknowledgement" or other documents that were provided to the state registrar enabling that agency to give the child the father's surname?
LSA-R.S. 40:34(B)(1)(a)(iii) and (iv) provide as follows:
The forms shall be printed and supplied or provided by electronic means by the state registrar and required contents are:
Contents of birth certificate. The certificate of birth shall contain, as a minimum, the following items:
(a) Full name of child.
 (iii) Except as otherwise provided in Items (vi) and (vii) of this Subparagraph, the surname of the child shall be the surname of the husband of the mother if he was married to the mother of the child at the time of conception and birth of the child or had not been legally divorced from the mother of the child for more than three hundred days prior to the birth of the child, or if both the husband and the mother agree, the surname of the child may be the maiden name of the mother or a combination of the surname of the husband and the maiden name of the mother.
 (iv) If the child is an illegitimate child as provided in Civil Code Article 180, the surname of the child shall be the mother's maiden name. If the natural father is known and if both the mother and the natural father agree, the surname of the child may be that of the natural father or a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, "natural father" means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding.
It is the opinion of this office that a certificate of birth alone is not sufficient to bind the father of an illegitimate child to provide child support. Based upon LSA-R.S. 40:34 B (1)(a)(iv) we find that a child must be legitimated by subsequent marriage of the parents or by notarial act, or when a father has formally acknowledged his illegitimate child or has been judicially declared the father in a filiation or paternity proceeding.
A child may be acknowledged pursuant to LSA-C.C. art. 203(A), which states, "The acknowledgement of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child." The fact that the father is named in or on the birth certificate is not considered formal acknowledgment or declaration of paternity unless the father signs the certificate. Also, written declarations of paternity by midwives or others on birth certificates do not legally suffice as formal acknowledgment of paternity, but may be considered with named father's later conduct and words as corroborating evidence of informal acknowledgment. Matter of Succession of Brown, 522 So.2d 1382
(La.App. 2 Cir. 1988).
To formally acknowledge and legitimize a child, both the birth certificate and the "In Hospital Acknowledgment" or a notarial act of acknowledgment would be sufficient to require the father to pay child support. Therefore, the birth certificate with the name of the father appearing is not a sufficient basis upon which to file an action for establishment of child support.
If the illegitimate child is not legitimized pursuant to LSA-C.C. art. 203, then the requirements for proof of filiation must be fulfilled in accordance with LSA-C.C. art. 209. Article 209(A) states, "A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to the alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article. Furthermore, the Official Revision Comment (b) to Article 209 states, "Proof of filiation may include, but is not limited to: "Informal" acknowledgment; scientific test results; acknowledgment in a testament; and proof that the alleged parents lived in a state of concubinage at the time of conception."
In Cunningham v Dicarlo, 539 So.2d 1315 (La.App. 3 Cir. 1989), the court held that although the father did not informally acknowledge the child this fact did not prevent determination of paternity. Informal acknowledgment was merely one and not the sole method of proving filiation and the statement that did not amount to informal acknowledgment was nevertheless relevant to filiation. In Ezell v Evans, 600 So.2d 90 (La.App. 2 Cir. 1992), the court held that although scientific evidence alone is insufficient to prove paternity, it is persuasive and objective testimony that can help establish proof by preponderance of the evidence. It is the opinion of this office that both the birth certificate coupled with the "In Hospital Acknowledgment" or any of the requirements listed in the Official Revision Comment (b) to LSA-C.C. art. 209 would prove sufficient to require the father to pay child support.
You may also want to refer to La. Atty. Gen. Op. No. 00-294, a copy of which is attached, which contains a thorough review of the "In Hospital Acknowledgment" procedure and requirements.
Should you require any further assistance in this matter, please feel free to contact this office.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
 BY: ________________________________
JULIE A. COLLINS
ASSISTANT ATTORNEY GENERAL
JAC/jh/jy
OPINION NUMBER 00-294
October 25, 2000
53 — Hospitals 73 — Notaries R.S. 40:46.1
Discusses voluntary acknowledgment of paternity in hospitals with birthing services.
Hon. F. Charles McMains, Jr. State Representative, District 69 343 Third Street, Suite 310 Baton Rouge, LA 70801